UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

        Plaintiff,

                                   MISC CASE NO.   11-51515
                                   CRIMINAL NO.   10-20594

v.                                 HONORABLE LAWRENCE P. ZATKOFF

DANTE DEMIRO,

        Defendant.

_____/

## ORDER

## I. INTRODUCTION

This matter is before the Court on the duly appointed Chapter 7 trustee's, Gene R. Kohut, ("Trustee") of MuniVest Services, LLC and Dante DeMiro (collectively "Debtors") Motion Pursuant to Fed. R. Crim. P. 6(e) to Obtain Access to Bank and Financial Records that May Have Been Obtained During Grand Jury Proceedings ("Motion for Records") [dkt 1].  The United States of America (the "Government") has filed a response not objecting to the Trustee's Motion.   The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted.  For the following reasons, Defendant's Motion for Records is GRANTED.

## II.  BACKGROUND

The Trustee's request involves involuntary Chapter 7 bankruptcy petitions filed by Mona

Shores Public Schools ("Mona Shores") against Debtors on October 12, 2010.  Mona Shores filed

the bankruptcy petitions in an effort to retrieve more than $3 million dollars in investment funds

provided to Debtors.[1]  Due to the scope of Defendant's criminal Ponzi scheme and Defendant's

absence of participation in these bankruptcy cases, the Trustee is concerned about uncovering

additional information before the statute of limitations for avoidance actions in the bankruptcy cases

runs.  The Trustee asserts that certain relevant bank and financial records may have been obtained

in the grand jury proceedings.

The grand jury proceedings and the criminal proceedings (except for an ancillary criminal

forfeiture proceeding) have concluded.  The Trustee therefore seeks permission from the Court to

obtain access to any bank and financial records obtained in connection with the grand jury

proceedings relating to Defendant's criminal case to allow the Trustee to administer Debtors'

bankruptcy cases and maximize any recovery to the victims and the creditors of Defendant's

criminal acts pursuant to Fed. R. Crim. P. 6(3)(e)(i).

### III.  LEGAL STANDARD

Under  Fed. R. Crim. P. 6(3)(e)(i), "[a] court may authorize disclosure . . . of a grand-jury

matter . . . preliminarily to or in connection with a judicial proceeding."  A party requesting grand

jury information must show the need "with particularity" so that "the secrecy of the proceedings

[may] be lifted discreetly and limitedly." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211,

221 (1979). This standard is satisfied by a showing that: "(1) the material sought is needed to avoid

a possible injustice in another judicial proceeding; (2) the need is greater than the need for continued

---

[1]Defendant operated a Ponzi scheme through his company, MuniVest Services, LLC.  MuniVest
Services, LLC acted as the corporate identity for Defendant's alleged criminal activities.  Under
MuniVest Services, LLC Defendant claimed to be an "investment advisor."

secrecy; and (3) the request is structured to obtain only the material needed." *In re Antitrust Grand Jury*, 805 F.2d 155, 161 (6th Cir. 1986) (citing *Douglas Oil Co.*, 441 U.S. at 222.).

## IV. ANALYSIS

The Court finds that the Trustee's request satisfies Fed. R. Crim. P. 6(3)(e)(i). First, the trustee is seeking documents which may have been produced as part of the grand jury proceeding. Second, the Chapter 7 bankruptcy cases are a judicial proceeding in connection with the grand jury proceeding that involved Defendant's criminal conduct. The Court now turns to whether the Trustee has shown his need for seeking such documents with particularity.

### A. THE MATERIAL SOUGHT AVOIDS A POSSIBLE INJUSTICE IN ANOTHER JUDICIAL PROCEEDING

As the Trustee has set forth in his Motion and Brief, according to Section 704 of the Bankruptcy Code, he has the duties to account for the Debtors' property and investigate the financial affairs of Debtors. Because the bankruptcy cases were filed as involuntary petitions by Mona Shores, Defendant is not participating in preparing and filing the applicable Schedules, Summary of Schedules, Statement of Financial Affairs, lists containing the names and addresses of each reasonably ascertainable creditor of Debtors, and the documents and statements required under Fed. R. Bankr. P. 1007(b)(1). The Trustee therefore has undertaken this obligation.

Given the extent of Defendant's criminal acts (victim restitution exceeds $12 million), discovery related to the financial dealings of Debtors will provide the Trustee a more complete understanding of Debtors' financial affairs. With a more complete understanding, the Trustee can maximize the return to the victims and the creditors of Debtors. Further, to the extent any such documents were produced in the grand jury proceeding, obtaining the bank and financial records will avoid duplication of efforts in the bankruptcy courts. As such, the Court finds that the bank and

financial records sought avoid a possible injustice in the bankruptcy cases.

**B. THE NEED IS GREATER THAN THE NEED FOR CONTINUED SECRECY**

The Court finds that the need for these documents is greater than the need for continued secrecy of Defendant's grand jury proceedings. The Trustee is not requesting testimony of witnesses at the grand jury, the identity of witnesses at the grand jury, nor the general information concerning Defendant's criminal conduct. *See Douglas Oil Co.*, 441 U.S. at 219 n.10 (summarizing the reasons for grand jury secrecy). Rather, the Trustee has limited his request to only the factual information contained in any bank and financial records produced during the grand jury proceedings.

Additionally, as stated in *Douglas Oil Co.*, while the grand jury's conclusion does not abrogate the need for secrecy, it does reduce the interests in grand jury secrecy. *Douglas Oil Co.*, 441 U.S. at 222 ("[T]he interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities."). In this case, Defendant has pled guilty to his criminal conduct and the grand jury proceedings have concluded. Thus, for the reasons stated, the need for these documents is greater than the need for continued secrecy of Defendant's grand jury proceedings.

**C. THE REQUEST IS NARROWED TO OBTAIN ONLY THE INFORMATION NEEDED**

As discussed, the Trustee is not seeking to review all testimony and documents produced in conjunction with the grand jury proceeding. Rather, the Trustee has limited his request to only the factual information contained in any bank and financial records produced during the grand jury proceedings. Thus, the Court finds that the Trustee's request is narrowly tailored to obtain only the information needed to administer Debtors' bankruptcy cases, complete Debtors' required bankruptcy documents, and maximize any recovery to the victims and the creditors of Debtors.

## V.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that the Trustee's

Motion Pursuant to Fed. R. Crim. P. 6(e) to Obtain Access to Bank and Financial Records that May

Have Been Obtained During Grand Jury Proceedings [dkt 1] is GRANTED.

To ensure that the secrecy of the grand jury proceedings is maintained to the extent possible,

IT IS FURTHER ORDERED that:

> (a) the bank records and financial papers are produced to Gene R. Kohut, the appointed Chapter 7 Trustee;
>
> (b) review of the bank records and financial papers are limited to the Trustee and Trustee's counsel at the Wolfson Bolton law firm;
>
> (c) the bank record and financial papers are used solely for execution of the Trustee's duties in the pending bankruptcy cases regarding Defendant and MuniVest;
>
> (d) the bank records and financial papers are destroyed at the conclusion of these bankruptcy cases; and
>
> (e) the Trustee bears all costs associated with obtaining the bank records and financial papers  he requests.

IT IS FURTHER ORDERED having addressed all requested relief in this case (CASE NO.

11-51515), this case is closed.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  December 14, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 14, 2011.


S/Marie E. Verlinde
Case Manager
(810) 984-3290